UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| R. L. BROOKS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-3235 |
| | ) | |
| UNITED STATES CONGRESS, | ) | |
| | ) | |
| Defendant. | ) | |

## MERIT REVIEW ORDER

This cause is before the court for a video merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that the federal law that limits the amount of cigarettes that a person can transport from one state to another is unconstitutional in violation of the Fourteenth Amendment's Equal Protection Clause. He claims this federal "cigarette" law results in the sick and elderly paying full price for their cigarettes because they cannot travel to another state to obtain cheaper cigarettes. The plaintiff fails to state what law he is referring to. The plaintiff was arrested in Montgomery County, Illinois for violating Illinois state law 35 ILCS 130/9 - transporting cigarettes without a license. He pled guilty and received a six-month sentence.

To the extent that the plaintiff is challenging the constitutionality of some unspecified federal cigarette law, the plaintiff lacks standing because he has not alleged that he is sick or disabled, *i.e.,* the basis for his Equal Protection claim. On the contrary, the plaintiff alleges that he is traveling to other states to obtain cheaper cigarettes on behalf of the elderly and disabled. To the extent that he is challenging his conviction, his conviction is under state, not federal, law, and he cannot use a § 1983 lawsuit to challenge his conviction or sentence. <u>Burd v. Sessler</u>, 702 F.3d 429, 432 (7th Cir. 2012). Therefore, the plaintiff has failed to state a claim upon relief can be granted, and his case will be dismissed.

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as MOOT (#3). This case is closed.

2. This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3. If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues the Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 9th day of October, 2014.

/s/Harold A. Ba,er

_____

HAROLD A. BAKER
United States District Court